UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIPSCOMB KEVIN,<br>            Plaintiff,<br>      v.<br>TIM VIRGA,<br>            Defendant. | Case No. 13-cv-05744-JD<br><br>**ORDER FOR PETITIONER TO FILE A RESPONSE** |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Petitioner was convicted in San Francisco County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A jury convicted petitioner of evading a police officer, possession of a firearm by a felon, discharging a firearm from a motor vehicle and assault with a semiautomatic firearm stemming from a shooting and high-speed police chase through San Francisco. It was also found that petitioner had two prior felony convictions. He was sentenced to 67 years to life in state prison.

## DISCUSSION

**I.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court

must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## II.     LEGAL CLAIMS

As grounds for federal habeas relief, petitioner asserts that: (1) trial counsel was ineffective for failing to challenge a witness' identification as unduly suggestive; (2) the trial court imposed an excessive restitution fine of $27,800 that should be reduced to $10,000; (3) the trial court violated his due process rights by failing to hold a competency hearing; and (4) trial counsel was ineffective for failing to request a competency hearing.

It appears petitioner's first claim was exhausted and is sufficient to require a response. On direct appeal the California Court of Appeal granted petitioner relief with respect to his second claim regarding the restitution fee and ordered the amount lowered to $10,000. *People v. Lipscomb*, 2012 WL 2519057 (Cal.App. 1 Dist., 2012). As petitioner has already received the relief that he seeks, this claim is dismissed. Petitioner also states that that he only discovered the grounds for his third and fourth claims regarding his competency after the conclusion of direct appeal. Thus, it does not appear that these claims have been exhausted.

Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id*. When faced with a post-AEDPA mixed petition, the district court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)) (court's erroneous dismissal of mixed petition entitled

1  petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first
2  habeas petition was dismissed until the date the second habeas petition was filed).
3     Because this is a mixed petition, petitioner will be given the opportunity to proceed in one
4  of three ways.[1]  Petitioner may file an amended petition containing only the exhausted claim
5  regarding the unduly suggestive identification or he may file a motion to stay this action pending
6  exhaustion of the unexhausted claims in state court or he may indicate that the claims are
7  exhausted and provide more information regarding the nature of the competency claims.
8     In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a
9  stay and abeyance of a mixed federal petition should be available only in the limited circumstance
10 that good cause is shown for a failure to have first exhausted the claims in state court, that the
11 claim or claims at issue potentially have merit and that there has been no indication that petitioner
12 has been intentionally dilatory in pursuing the litigation.  *Rhines*, *supra*, at 277-78.
13    If petitioner wishes to stay this action, he shall file a motion addressing the *Rhines* factors.
14 In the alternative, petitioner may file a motion for a stay pursuant to the three-step procedure
15 outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)[2] and *King v. Ryan*, 564 F.3d 1133 (9th
16 Cir. 2009).  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required
17 to show good cause, as under *Rhines*, but rather must show that the amendment of any newly
18 exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by
19 sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by
20 complying with the statute of limitations.  *King*, 564 F.3d at 1141-43 (finding district court's
21 dismissal of unexhausted claims was improper because petitioner was not required to show good

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

[2] Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  *King v. Ryan*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).  However, no statute of limitations protection is imparted by such a stay, nor are exhausted claims adjudicated during the pendency of such a stay.

If the California Supreme Court has already ruled on the competency claims, petitioner must indicate that they have been exhausted and should include a copy of the petition and decision of the California Supreme Court.  Petitioner should also include more details regarding the competency claims.  He merely concludes that the trial court and trial counsel should have held a competency hearing but fails to provide any support for this assertion on how he was incompetent.

## CONCLUSION

1. The second claim regarding restitution is dismissed.

2. Within twenty-eight (28) days of the issuance of this order, petitioner must inform the court of which option he intends to follow and either file an amended petition with only the exhausted claim or a motion to stay following either the *Rhines* or *Kelly* procedures as described above or indicate that all claims are exhausted.  Failure to file an amended petition or file a motion to stay within the designated time will result in the dismissal of these claims.

**IT IS SO ORDERED.**

Dated: June 4, 2014

_____
JAMES DONATO
United States District Judge

13-cv-05744-JD_mixed_petition