UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LIPSCOMB,

    Plaintiff,

v.

TIM VIRGA,

    Defendant.

Case No. 13-cv-05744-JD

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Re: Dkt. Nos. 11, 12

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Petitioner was convicted in San Francisco County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

A jury convicted petitioner of evading a police officer, possession of a firearm by a felon, discharging a firearm from a motor vehicle and assault with a semiautomatic firearm stemming from a shooting and high-speed police chase through San Francisco. It was also found that petitioner had two prior felony convictions. He was sentenced to 67 years to life in state prison.

## DISCUSSION

**I.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of

habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## II.   LEGAL CLAIMS

As grounds for federal habeas relief, petitioner asserts that: (1) trial counsel was ineffective for failing to challenge a witness' identification as unduly suggestive; (2) the trial court imposed an excessive restitution fine of $27,800 that should be reduced to $10,000; (3) the trial court violated his due process rights by failing to hold a competency hearing; and (4) trial counsel was ineffective for failing to request a competency hearing.

It appears petitioner's first claim was exhausted and is sufficient to require a response. On direct appeal the California Court of Appeal granted petitioner relief with respect to his second claim regarding the restitution fee and ordered the amount lowered to $10,000. *People v. Lipscomb*, 2012 WL 2519057 (Cal.App. 1 Dist., 2012). As petitioner has already received the relief that he seeks, this claim is dismissed.

The third and fourth claims had not been exhausted when petitioner filed the original petition and he was ordered to either file a stay or proceed with the exhausted claim. Petitioner indicates that the California Supreme Court has recently denied the claims and he has included a denial order from that court. Therefore, the petition will proceed on claims one, three and four.

## CONCLUSION

1.   The motion for an extension (Docket No. 11) is **GRANTED** and the amended petition is deemed timely filed. The motion to amend (Docket No. 12) is **GRANTED**.

2.   The clerk shall serve by regular mail a copy of this order and the amended petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3.      Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5.      Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 5, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LIPSCOMB,

    Plaintiff,

v.

TIM VIRGA,

    Defendant.

Case No. 13-cv-05744-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 8/6/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Lipscomb
California State Prison-Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: 8/6/2014

Richard W. Wieking
Clerk, United States District Court

By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4